1

2

3

O

4

5

cc: Los Angeles Superior Court          JS - 6
Southeast District, Norwalk

6

Case no. VC052149, remand order,

7

docket and remand letter

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

11

BARBARA BRYANT,                )   Case No. CV 08-08542 DDP (PLAx)
                               )
12

          Plaintiff,           )   **ORDER GRANTING MOTION TO REMAND**
                               )
13

     v.                        )   [Motion filed on January 23,
                               )   2009]
14

AETNA HEALTH OF CALIFORNIA     )
INC.,                          )
15

                               )
          Defendant.           )
16

_____  )

17

     This matter comes before the Court on Plaintiff Barbara

18

Bryant's Motion to Remand.  Defendant Aetna Health of California

19

removed this case to federal court under the Employee Retirement

20

Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* After

21

reviewing the materials submitted by the parties, the Court grants

22

the Motion to Remand.

23

**I.    BACKGROUND**

24

     In 2006, Plaintiff Barbara Bryant subscribed to a plan

25

provided by Defendant Aetna Healthcare of California Inc ("Aetna")

26

through her employer. On December 19, 2006, Plaintiff divorced

27

Samuel Bryant. Prior to this, on March 27, 2006, a court had issued

28

a restraining order against Samuel Bryant. (Compl. ¶ 6.)

1   On November 21, 2007, Plaintiff received an Explanation of
2  Medical Benefits letter from Defendant regarding a medical claim
3  relating to plaintiff's ex-husband, Samuel Bryant. On November 28,
4  2007, in response to this letter, Plaintiff sent a letter to
5  Defendant asking that it communicate directly to Samuel Bryant.
6  Plaintiff's letter stated:

7       This letter is being sent to you to inform you that Samuel
8       Bryant is no longer my spouse effective December 19, 2006.
9       For your records, attached is a copy of the divorce
10       judgment of dissolution. His contact information is as
11       follows . . . please release me from this matter and
12       contact Mr. Bryant directly.

13  (Compl. ¶ 9.)

14       When Aetna contacted Samuel Bryant, Aetna provided a copy of
15  Plaintiff's address to Samuel Bryant. (Compl. ¶ 11.)

16       Plaintiff alleges that, as a result, Plaintiff and her
17  children suffered a direct threat to life and security, and
18  Plaintiff had to move them out of their home. (Compl. ¶ 12.) In
19  particular, Plaintiff alleges her car was keyed and a rock was
20  thrown through her window shortly after the letter went from Aetna
21  to Samuel Bryant, which provided Plaintiff's residential address.
22  (Compl. ¶ 12.)

23       Plaintiff sued in state court. The complaint alleges four
24  state law causes of action: negligence, negligent infliction of
25  emotional distress, intentional infliction of emotional distress
26  and violation of Plaintiff's right to privacy. (Compl. ¶¶ 20-39.)
27  Defendant removed the case to this Court. Defendant's Notice of
28  Removal stated that Plaintiff's claims were preempted by ERISA and

1  therefore subject to federal question jurisdiction. (Opp'n at 2.)

2  Plaintiff then filed this Motion to Remand.

3  **II.   LEGAL STANDARD FOR MOTION TO REMAND**

4       Removal statutes are strictly construed.  Luther v.

5  Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir.

6  2008)(citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.

7  1992)).  A defendant has the burden to establish that removal is

8  proper, and a court should resolve any doubt against removal.

9  Gaus, 980 F.2d at 566.

10      Only actions that could have been filed in federal court

11 originally may be removed by Defendant. Audette v. Int'l

12 Longshoremen's and Warehousemen's Union, 195 F.3d 1107, 1111 (9th

13 Cir. 1999) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392,

14 107 S.Ct. 2425 (1987)). In the absence of diversity jurisdiction,

15 federal question jurisdiction is required. The presence or absence

16 of federal question jurisdiction is governed by the "well-pleaded

17 complaint rule," which provides that federal question jurisdiction

18 exists only when a federal question is presented on the face of the

19 plaintiff's properly pleaded complaint. Id.

20      While the plaintiff is "master" of the case and may assert

21 only state claims to defeat removal, the plaintiff may not avoid

22 federal jurisdiction by omitting from the complaint allegations of

23 federal law that are essential to the plaintiff's claim. Lippitt v.

24 Raymond James Fin. Serv., 340 F.3d 1033, 1041 (9th Cir. 2003)

25 (citing Hansen v. Blue Cross of Cal., 891 F.2d 1384, 1389 (9th Cir.

26 1989)).

27 ///

28 ///

3

**III. DISCUSSION**

    **A.   ERISA Preemption**

    Defendant argues that removal of this case from state court was proper because ERISA preempts the state law claims Plaintiff has alleged. Defendant argues that ERISA's preemption provision should be read broadly, and that the state tort claims at issue here fall under that provision. Plaintiff argues that there is no actual relationship between Plaintiff's claims and the ERISA plan. While the Court recognizes that ERISA's preemption section is broad, the Court finds that Plaintiff's state law claims do not "relate to" ERISA.

    In order to be removable to federal court, a claim concerning a plan governed by ERISA must (1) be preempted by ERISA and (2) must fall within the scope of ERISA's civil enforcement provisions. Providence Health Plan v. McDowell, 385 F.3d 1168, 1171 (9th Cir. 2004) (citing Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 62-66 (1987)).

        1.  ERISA Preemption Provision

    ERISA's preemption provision provides that ERISA's provisions shall "supersede any and all State laws insofar as they may now or hereafter **relate to** any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title." 29 U.S.C. § 1144(a)(emphasis added). This preemption provision has been read broadly. McDowell 385 F.3d at 1172; see Aetna Health Inc. v. Davila, 542 U.S. 200, 208-11 (2004) (discussing the "extraordinary preemptive power" of ERISA).

    Whether a state or common law claim "relates to" an employee benefit plan is the critical issue in any preemption analysis.

4

1   Common law or state claims "relate to" an employee benefit plan

2   governed by ERISA if they have (1) a "connection with" or (2)

3   "reference to" such a plan.   <u>N.Y. State Conference of Blue Cross &</u>

4   <u>Blue Shield Plans v. Travelers Ins. Co.</u>, 514 U.S. 645, 656 (1995).

5   To determine whether a claim has a "connection with" an employee

6   benefit plan, courts in the Ninth Circuit use a relationship test.

7   <u>McDowell</u>, 385 F.3d at 1172.   The relationship test emphasizes the

8   genuine impact that the action has on a relationship governed by

9   ERISA, such as the relationship between the plan and a participant.

10   <u>Id.</u> (citing <u>Abraham v. Norcal Waste Sys., Inc.</u>, 265 F.3d 811, 820-

11   21 (9th Cir. 2001)).   A claim has "reference to" a plan governed by

12   ERISA when the claim is premised on the existence of an ERISA plan

13   and when the existence of the plan is essential to the claim's

14   survival. <u>See</u> <u>id.</u> at 1172.

15       More broadly, the Supreme Court has explained that ERISA

16   preemption should be construed in light of its purpose: "the basic

17   thrust of the pre-emption clause . . . was to avoid a multiplicity

18   of regulation in order to permit the nationally uniform

19   administration of employee benefit plans." <u>Travelers Ins. Co.</u>, 514

20   U.S. at 656-57 ("we simply must go beyond the unhelpful text and

21   the frustrating difficulty of defining [relates to], and look

22   instead to the objectives of the ERISA statute as a guide to the

23   scope of the state law that Congress understood would survive").

24   However, the Court held that "infinite relations cannot be the

25   measure of preemption" in construing "relate to." <u>Travelers Ins.</u>

26   <u>Co.</u>, 514 U.S. at 655-56.

27       Here, Defendant argues that state law tort causes of action do

28   not apply to "the alleged transaction between Aetna Health,

5

1   Plaintiff and Mr. Bryant because that relationship is a matter of

2   exclusively federal concern." (Opp'n at 8.)   The Court disagrees.

3        As mentioned above, not all state law claims "relate to" the

4   employee benefit plans simply because of the presence of a provider

5   and subscriber as parties.   In <u>McDowell</u>, the Ninth Circuit held

6   that because the plaintiff was attempting through contract law to

7   enforce a reimbursement provision, it did not have the requisite

8   "connection with" or "reference to" an ERISA plan to remove it to

9   federal court. <u>Id.</u> The plaintiff, an insurance company, claimed

10  that the reimbursement contract between the insured and the company

11  required reimbursement under the contract after defendants received

12  a $500,000 settlement. The court held that, though plaintiff was an

13  ERISA entity, ERISA did not preempt the contract claim. The claim

14  in that case did not "relate to" the plan "because adjudication of

15  the claim required no interpretation of the plan, no distribution

16  of benefits, and no dispute regarding any benefits previously

17  paid." <u>Peralta v. Hispanic Bus., Inc.</u>, 419 F.3d 1064, 1069 (9th

18  Cir. 2005) (citing <u>McDowell</u>, 385 F.3d at 1172); <u>see also</u> 29 U.S.C.

19  § 1132(a)(1)(B)); <u>see also</u> <u>Valentin-Munoz v. Island Fin. Corp.</u>, 364

20  F.Supp.2d 131, 135 (D.P.R. 2005) (holding that a claim for

21  negligent and intentional infliction of emotional distress does not

22  cause preemption where the claim was not seeking to recover

23  benefits under the terms of the plan, enforce rights under the

24  plan, or clarify future rights).

25       Other courts have applied the standard in a similar manner to

26  <u>McDowell</u>.   In <u>Spinedex Physical Therapy, U.S.A., Inc. v. Arizona</u>,

27  No. 04-1576-PHX-JAT, 2005 WL 3821387 (D. Ariz. November 9, 2005),

28  the court held that a counterclaim by the defendant for negligent

6

misrepresentation, restitution and unjust enrichment was not

preempted by ERISA because "[t]he Defendant's claims arise out of

transactions between the Defendant and the Plaintiff that are

independent of any ERISA relationship." Spinedex, 2005 WL 3821387

at *2581.

Defendant relies on General American Life Ins. Co. v.

Castonquay, 984 F.2d 1518 (9th Cir. 1993), to support its argument

that the relationship between the parties is determinative. In

Castonquay, the Ninth Circuit stated that "tort and contract causes

of action . . . don't apply to transactions between plans and their

participants because the relationship between plan and participant

is, under ERISA, a matter of exclusively federal concern."

Castonquay, 984 F.2d at 1522 (citation omitted). Even assuming

subsequent Supreme Court case law has not altered this point,[1]

these claims are not preempted because they do not arise out of a

transaction between plan and participant. Castonquay cited Pilot

Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987) to illustrate a

transaction between plans and their participants. In Pilot Life,

the plaintiff brought a tortious breach of contract claim when his

insurance company terminated his benefits. Id. at 43. Here,

Plaintiff is making claims that do not have any bearing on her

benefits or her plan. In other words, while the plaintiff in Pilot

Life made claims about the transaction, Plaintiff in this case

---

[1] Subsequent Supreme Court case law suggests while the text of the preemption provision is "clearly expansive," it is not infinite. Travlers Ins. Co., 514 U.S. at 655-56. The Travelers holding has been read by the Ninth Circuit as an admonishment "that the term is to be read practically, with an eye toward the action's actual relationship to the subject plan." McDowell 385 F.3d at 1172.

1   makes a claim outside transactions relating to the plan.

2   Additionally, <u>Castonguay</u> recognized that "laws that affect employee

3   benefit plans in too tenuous, remote, or peripheral a manner may

4   not be preempted." <u>Castonguay</u>, 984 F.2d at 1521 n.2 (citation

5   omitted).

6       The state claims at issue here do not have "reference to" or a

7   "connection with" an ERISA plan. Plaintiff has not premised her

8   claims on her ERISA plan.  Additionally, nothing Plaintiff stated

9   in her complaint gives reason to believe that the plan itself is

10  essential to the claims.  Plaintiff's claims do not have a

11  "connection with" an ERISA plan because there is no "genuine

12  impact" on the ERISA relationship. Adjudication of the claims does

13  not require interpretation of the plan, distribution of benefits,

14  or involve any dispute regarding any benefits previously paid. <u>See</u>

15  <u>McDowell</u>, 385 F.3d at 1172. Thus, the state law claims do not

16  "relate to" the ERISA plan.

17      Furthermore, in light of the objectives of the ERISA statute,

18  this action does not "relate to" an ERISA plan. ERISA's preemption

19  clause was designed to avoid a "multiplicity of regulations." If

20  Plaintiff is successful, Defendant is no more regulated in regards

21  to ERISA plans than it was before. That Defendant is Plaintiff's

22  ERISA health insurance provider does not inoculate Defendant

23  against all possible state claims by Plaintiff. To suggest

24  otherwise is to "violate basic principles of statutory

25  interpretation." <u>See</u> <u>Travelers Ins. Co.</u>, 514 U.S. at 661 (citing

26  <u>District of Columbia v. Greater Washington Bd. of Trade</u>, 506 U.S.

27  125, 130 n. 1 (1992)).

28  ///

2.   <u>ERISA Civil Enforcement Provisions</u>

In order to achieve complete preemption, the claims must fall under the civil enforcement provisions. <u>McDowell</u>, 385 F.3d at 1171. 29 U.S.C. § 1132(a) provides the exclusive claims that are available under ERISA, as well as by whom and against whom such claims me be brought. <u>Abraham</u>, 265 F.3d at 823.

An action may be brought "by a participant . . . to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). Pursuant to these terms, participants and beneficiaries are authorized to bring actions to obtain equitable relief to redress an ERISA violation or to enforce the terms of the plan. <u>Abraham</u>, 265 F.3d at 824 (citing <u>Toumajian</u>, 135 F.3d 648, 656 (9th Cir. 1998).

Here, Defendant argues that Plaintiff's claims directly implicate the plan's confidentiality provision, a term of the plan. The confidentiality agreement reads in part: "[i]nformation contained in the medical records of Members and information received from any Provider incident to the provider-patient relationship shall be kept confidential in accordance with applicable law." (Ex. A at 61.) Plaintiff does not suggest any breach of that provision is at issue in her Complaint. Indeed, the confidentiality provision applies to medical records and information received from providers incident to the provider-patient relationship. The information allegedly released, Plaintiff's address, does not appear to be a "medical record" but rather an address maintained as information in Plaintiff's account by Aetna.

1    Because Plaintiff's state claims do not "relate to" the ERISA

2  plan and the claims do not fall under the civil enforcement

3  provisions, the case was improperly removed. Thus, Plaintiff's

4  Motion to Remand is proper.

5    **B.   Attorneys' Fees**

6    Plaintiff also moves for attorneys' fees under 28 U.S.C. §

7  1447(c). Attorneys' fees should be granted only in unusual

8  circumstances or where the removing party lacked an objectively

9  reasonable basis for seeking removal. <u>Martin v. Franklin Capital

10 Corp.</u>, 546 U.S. 132, 141 (2005).

11   This is not an unusual situation warranting attorneys fees.

12 The crucial term in the preemption statute, "relate to," has been

13 called "unhelpful" by the Supreme Court. <u>See</u> <u>Travelers Ins. Co.</u>,

14 514 U.S. at 656-57. Additionally, the Ninth Circuit has not ruled

15 on these particular state tort claims in relation to ERISA

16 preemption. Therefore, Defendant's removal notice had an

17 "objectively reasonable basis."

18 **IV.   CONCLUSION**

19   For the foregoing reasons, the Court GRANTS the motion to

20 remand and DENIES the request for attorneys' fees.

21

22 IT IS SO ORDERED.

23

24 Dated: May 8, 2009                    _____

25                                       DEAN D. PREGERSON
                                         United States District Judge
26

27

28